**Eduardo Moreno LAPARADE,
Plaintiff-counter-defendant-
cross-defendant-Appellee,**

**Authors Rights Restoration Corporation, a Texas corporation, Counter–claimant–Appellant,**

**v.**

**Mario Moreno IVANOVA, an individual, and as Executor of the Estate of Mario Moreno Reyes, Defendant–cross–defendant–Appellee,**

**Columbia Pictures Industries, Inc., a California corporation, Defendant–counter–claimant–Appellee,**

**and**

**Natasha Gelman; Joyce Jett, Counter-defendants.**

No. 03–55238.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2004.

Filed Nov. 5, 2004.

Gina E. Och, Los Angeles, CA, David Frishman, Katy, TX, for counter-claimant-appellant Authors Rights Restoration Corp.

Henry J. Tashman, Rochelle L. Wilcox and Jennifer L. Brockett, Davis Wright Tremaine LLP, Los Angeles, CA, for defendants-counter-claimants-appellees Columbia Pictures Industries, Inc., et al.

Timothy C. Riley, Pasadena, CA, for defendant-cross-defendant-appellant/appellee, Mario Moreno Ivanova.

Before THOMPSON, SILVERMAN, and WARDLAW, Circuit Judges.

PER CURIAM.

This appeal by the Authors' Rights Restoration Corp. ("ARRC") arises from a single trifurcated bench trial before the Hon. William J. Rea. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The appeal involves a dispute over the rights to and funds from 34 Spanish language motion pictures. Competing claims to ownership of the worldwide intellectual property rights and related rights in the 34 pictures were litigated in a bench trial held in three phases (*Eduardo Moreno Laparade v. Columbia Pictures Industries, Inc., et al.,* Case No. CV 97–0615 WJR (Ctx)). The first phase concerned who was an "author" entitled to restoration rights under the Copyright Act. At the end of this phase, the district court determined that the producer of the film is the "author" under the laws of Mexico.

ARRC's claim to the motion pictures flows from 17 U.S.C. § 104A(b). This section restores United States copyright protection to eligible foreign works that have fallen into the public domain in this country. *Id.* Copyright protection is restored to "the author or initial rightholder of the work as determined by the law of the source country of the work." *Id.*

The parties present two competing theories of who is an "author" of a motion picture under Mexican law. ARRC argues that the individual screenwriters, composers and directors (of whom ARRC is the assignee of many) are the authors of the films under Mexican law, while Ivanova and Columbia argue that the production companies are the authors.

Our analysis of Mexican copyright law requires us to hold that the production companies are the "authors." We are also persuaded by the analysis of the Fifth Circuit which recently decided this precise issue in *Alameda Films SA de CV v. Authors Rights Restoration Corp.,* 331 F.3d 472, *cert. denied,* 540 U.S. 1048, 124 S.Ct. 814, 157 L.Ed.2d 696 (2003). That case involved Mexican production companies suing ARRC for copyright infringement after ARRC distributed, without the production companies' consent, 88 Mexican motion pictures in the United States. The issue before the Fifth Circuit—whether a production company was the "author" of a motion picture under Mexican law—is identical to the issue in this appeal. The United States District Court for the Southern District of Texas ruled in favor of the production companies, determining *inter alia* that the companies were the holders of any copyrights restored under § 104A. The Fifth Circuit affirmed. It rejected ARRC's argument that production companies cannot be "authors" under the Mexican Code. "The Defendants' insistence that an 'authors right' under Mexican law vests only in a 'natural person' is simply wrong." *Alameda Films,* 331 F.3d at 478.

We agree with the Fifth Circuit's well-reasoned opinion and hold that under Mexican law, which the district court properly considered and applied, the production companies were the "authors" of the 34 films.

AFFIRMED.